# Jenkins, Appellant, *v.* Jenkins.

*Evidence—Deed—Mistake in name of grantor—Conveyancer's blunder.*

A deed offered in evidence as the deed of Samuel S. Jenkins was objected to because in one of the clauses of the deed the name of the grantor appeared as Samuel S. Jones. Otherwise the deed purported to be the deed of Samuel S. Jenkins, and was signed and acknowledged by him. The court admitted the deed in evidence.

*Held,* not to be error.

Argued Feb. 24, 1892. Appeal, No. 213, Jan. T., 1892, by Samuel S. Jenkins and Mary Ann Jenkins his wife in right of said wife, plaintiffs, from judgment of C. P. Lackawanna Co., June T., 1889, No. 86, on verdict for defendants, Thomas and Annie Jenkins. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Action in partition.

On the trial before ARCHBALD, P. J., the evidence was to the following effect: William S. Jenkins died, having devised the property in dispute to his wife for life, and upon her death to his daughter Ann and his two sons, Thomas and Samuel, equally. In 1888, Samuel Jenkins and wife conveyed their interest to a third party, and upon the same date he reconveyed to the wife of the plaintiff in this case. These proceedings for partition having been instituted, at the trial defendants offered in evidence an instrument alleged to be a deed from said Samuel Jenkins to his brother Thomas, made, acknowledged and recorded in 1880, conveying all Samuel's interest in the said property to Thomas. After reciting the title of the grantor correctly, the deed continued : " Now this Indenture witnesseth that the said Samuel S. Jones, for and in consideration, etc." Counsel for plaintiff objected " because the grantor named is Samuel S. Jones, and not Samuel S. Jenkins, the deed offered in evidence is not connected with Samuel S. Jenkins, husband of Mary Ann Jenkins, plaintiff."

" The Court: Overrule the objection. It is very plainly a clerical error.

" Mr. Vosburg: We also object on the ground that it is a defect not to be remedied by parol testimony.

" The Court: We overrule the objection and seal the bill for the plaintiffs." [1]

In rebuttal plaintiff offered to prove the deed offered by defendants to be void upon the ground that grantor was so intoxicated as not to know what he was doing when the paper was signed. Objected to on the ground that it appears that defendant is in exclusive possession, claiming title under a deed, and that this title cannot be examined in any partition, but ejectment must be brought to settle the title before partition will lie. The Court. The objection is sustained. You can't try out the question of the validity of this title in this action. Bill sealed for plaintiffs. [2]

The court charged the jury as follows:

" I shall be compelled to take this case from the jury. Gentlemen of the jury, your verdict in this case must be in favor of the defendants, because the evidence as it now stands, without looking to any question as to the evidence given by the plaintiffs to sustain the case, is to the effect that Samuel S. Jenkins conveyed away his inheritance under his father's will, giving a deed to his brother, Thomas S. Jenkins, for all of his interest, on the thirty-first of July, 1880. It being in evidence that the defendants claim under that deed, we cannot in this action in partition, try out any question of title that there may be in regard to the validity of this deed. That must be tried out in an action of ejectment.

" The evidence then being, that there was such a deed by Samuel S. Jenkins conveying away his title, and the defendants claiming under that deed, your verdict must be in their favor."

Verdict for defendants. Plaintiff appealed.

*Errors assigned* were, (1) overruling objection to the admission of the deed in evidence, quoting the bill of exceptions; (2) rejecting the evidence offered in rebuttal by plaintiffs, quoting the bill of exceptions; (3) the charge of the court, quoting it.

*W. H. Stanton, Hulslander & Vosburg* with him, for appellants.

*H. M. Edwards, D. W. Connolly* and *J. Alton Davis,* for appellees, were not heard.

PER CURIAM, March 28, 1892:

The only question presented by this record is the validity of the deed from Samuel S. Jenkins to Thomas S. Jenkins, and the only objection to said deed is that, in one portion of it, the name Samuel S. Jenkins is written Samuel S. Jones. This was clearly the blunder of the conveyancer. The deed purports to be a deed from Samuel S. Jenkins; it is signed by Samuel S. Jenkins, and acknowledged by him as his act and deed. It is seldom we have a case brought here upon such a bald and meaningless technicality. It was not error to receive the deed in evidence, nor was there any error in the instructions of the court in regard to it.

Judgment affirmed.